UNITED STATES DISTRICT COURT NORTHERN
DISTRICT OF OHIO

| | |
|---|---|
| LAURA RAMSIER<br>PO Box 106<br>West Salem, Ohio 44287<br><br>    Plaintiff,<br><br>vs.<br><br>BRACHFELD LAW GROUP, P.C.<br>c/o statutory agent<br>CSC-LAWYERS<br>INCORPORATING SERVICE<br>50 West Broad Street<br>Columbus, Ohio 43215<br><br>    Defendant. | CASE NO.:<br><br>JUDGE<br><br><br>CIVIL COMPLAINT<br><br><br>A Trial by the maximum number of Jurors is hereby demanded |

1

Plaintiff, Laura Ramsier ("Plaintiff" or "Ramsier"), by and through her undersigned counsel, Brian T. McElroy, from McElroy Law, LLC, and files this Complaint against Defendant Brachfeld Law Group, P.C. ("Defendant" or "Brachfeld"), and respectfully avers as follows:

## I. INTRODUCTORY STATEMENT

1. Plaintiff, Laura Ramsier, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that the Plaintiff resides in this District and the Defendant transacts business in this District.

## III. PARTIES

4. Plaintiff, Laura Ramsier, is an adult natural person residing in West Salem, Ohio 44287. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Brachfeld & Associates, P.C. ("Defendant"), at all times relevant hereto, is and was a professional corporation engaged in the business of

2

collecting debt within the State of Ohio with a location at 100 East Campus View Blvd., Suite 225, Columbus, Ohio 43235.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV. FACTUAL ALLEGATIONS

7. On or about January 20, 2011, Plaintiff started to receive calls from Defendant's agent, "Brenda", calling from 866-834-6218 extension 6218, collecting on an alleged debt owed on a Chase account.

8. During this first call, Plaintiff informed Defendant's agent, "Brenda", that she had retained the services of legal counsel to help aid her in her debt settlement and that the Defendant would need to contact the Plaintiff's attorney directly in this matter.

9. Plaintiff provided her attorney contact information to Defendant.

10. Defendant's agent, "Brenda", asked the Plaintiff if she had filed for bankruptcy.

11. Plaintiff informed Defendant's agent that she had not filed for bankruptcy, but for the Defendant to still please contact her attorney, Julie Hassett, to settle this account.

12. Defendant's agent, "Brenda", told the Plaintiff that she would call her attorney and ended the call.

13. One that same day, approximately ten (10) minutes later, Defendant's agent, "Brenda", called the Plaintiff back and falsely stated that she had tried to contact

the Plaintiff's attorney and that no attorney by the name of Julie Hassett worked at that firm.

14. Defendant's agent, "Brenda", tried to mislead the Plaintiff even further by stating that Plaintiff's law firm told the Defendant that they do not even handle Ms. Ramsier's Chase account.

15. Ms. Hassett (Plaintiff's debt settlement counsel) has no record of Defendant calling in and inquiring on Plaintiff's account that day.

16. Plaintiff ended the call.

17. Plaintiff continued to receive calls on this account from the Defendant.

18. On or about January 29, 2011, Defendant's agent, "Brenda", called and asked the Plaintiff if she had family that she could borrow the money from to pay off the debt.

19. Plaintiff was informed that she owed the Defendant approximately $9,000.00.

20. Despite the Defendant's knowledge that the Plaintiff had an attorney, Defendant continued to place collection calls to the Plaintiff demanding that she work with Defendant directly to pay off this account.

21. On or about February 5, 2011, Defendant's agent, "Kathy", called the Plaintiff also wanting to know when the Plaintiff was going to make a payment.

22. On the above call, Plaintiff told Defendant's agent, "Kathy", that she needed to call her attorney directly on this matter.

23. Plaintiff ended the call.

24. On or about February 8, 2011, Defendant's agent, "Kathy", called the Plaintiff again.

25. Defendant's agent, "Kathy", told the Plaintiff that the Defendant would not call and/or work with her attorney and that the Plaintiff would continue to receive collection calls until the debt was paid in full.

26. On or about February 9, 2011, Plaintiff received a collection call from Defendant.

27. On or about February 10, 2011, Plaintiff received another collection call from the Defendant on the above mentioned account.

28. On or about February 14, 2011, Plaintiff received yet another call from Defendant demanding payment on this debt.

29. Defendant continues to call the Plaintiff several times a day on a daily basis.

30. Plaintiff has never received anything in writing from the Defendant.

31. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendant's unlawful conduct.

32. As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anxiety, emotional distress, fear, frustration and embarrassment.

33. The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

34. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

35. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

36. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

### COUNT I
### (Violations of the Fair Debt Collections Practices Act
### 15 U.S.C. § 1692, et seq.

37. The above paragraphs are hereby incorporated herein by reference.

38. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

39. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | |
|---|---|
| §§ 1692c(a)(2) | After it knows the consumer to be represented by an attorney unless attorney consents or is unresponsive |
| §§ 1692d | Any conduct the natural consequence of which is to harass, oppress, or abuse any person |

| | |
|---|---|
| §§ 1692d(5) | Caused the phone to ring or engaged the person in telephone conversations repeatedly |
| §§ 1692e | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| §§ 1692e(10) | Any false representation or deceptive means to collect a debt |
| §§ 1692f | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |
| §§ 1692g | Failure to send the consumer a 30-day validation notice within five (5) days of the initial communication |

## COUNT II
### (Violations of the Ohio Consumer Sales Practices Act ("OCSPA"))
### (O.R.C. § 1345.01, *et seq.*)

40. The above paragraphs are hereby incorporated herein by reference.

41. Plaintiff is a "Consumer" as defined by O.R.C. § 1345.01(D).

42. Defendant is a "supplier" as defined by O.R.C. § 1345.01(C).

43. At all times relevant, Defendant was engaged in "consumer transactions" as "suppliers" as defined by O.R.C. § 1345.01(A).

44. O.R.C. § 1345.02 prohibits "suppliers" from using unfair or deceptive practices.

45. O.R.C. § 1345.03 prohibits "suppliers" from using unconscionable consumer sales acts or practices.

7

46. Numerous Ohio Courts have held that a violation of the FDCPA is also a violation of the OCSPA.

47. Defendant's debt collection actions as more fully described in the preceding paragraphs violate the OCSPA.

48. Defendant's acts were reckless, willful, and intentional and/or were done with knowledge of their harmful effects towards Plaintiff and as such Defendant is subject to punitive damages.

49. Defendant's acts and omissions, when a duty to act was owed, constitute numerous and multiple violations of the OCSPA, including every one of the above citied provisions and as such Plaintiff is entitled to damages.

## COUNT III
### (Invasion of Privacy by Intrusion upon Seclusion)

50. The above paragraphs are hereby incorporated herein by reference.

51. The *Restatement of Torts, Second*, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

52. Ohio recognizes Plaintiff's right to be free from invasions of privacy, thus Defendant violated Ohio state law.

53. Defendant intentionally intruded upon Plaintiff's right to privacy to be continually harassing Plaintiff with frequent telephone calls, abusing Plaintiff with condescending and obscene language, and threatening legal action.

54. The telephone calls made by Defendant to Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and "a

substantial burden to his existence," thus satisfying the *Restatement of Torts, Second*, § 652(b) requirement for an invasion of privacy.

55. The conduct of Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

56. As a result of the intrusions and invasions, Plaintiff is entitles to actual damages in an amount to be determined at trial from Defendant.

57. Defendants' acts were reckless, willful, and intentional and/or were done with knowledge of their harmful effects towards Plaintiff and as such Defendant is subject to punitive damages.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, Brachfeld & Associates, P.C. for the following:

    a. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) and O.R.C. § 1345.09(A);

    b. Statutory damages pursuant to 15 U.S.C. § 1692k;

    c. Reasonable attorney's fees and litigation expenses, plus costs of suit;

    d. Three times the amount of Plaintiff's actual damages or two hundred dollars, whichever is greater, pursuant to O.R.C. § 1345.09(B);

    e. Actual damages from Defendant for all the damage including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for Plaintiff;

    f. Punitive damages; and

    g.      Such additional and further relief as may be appropriate or that the interests of justice require.

                                                 **Respectfully submitted,**

**Date: April 11, 2011**        **BY:**   */s/Brian T. McElroy*
                                              Brian T. McElroy (0073930)
                                              McElroy Law, LLC
                                              1991 Crocker Road
                                              Gemini I, Suite 600
                                              Westlake, Ohio 44145
                                              Phone: (440) 892-3334
                                              Fax:   (440) 892-3336
                                              Email: btm@McElroyLawllc.com

                                              Attorney for Plaintiff Laura Ramsier

### JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

                                                       */s/Brian T. McElroy*
                                                       Brian T. McElroy (0073930)